IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEVIN JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL STORE,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-00726-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## I.    INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket No. 47.) On January 3, 2014, Plaintiff filed the present motion to compel subpoenaed expert reports from Defendant. (Dkt. No. 46.) For the reasons set forth below, the Court **DENIES** the motion.

## II.    PROCEDURAL BACKGROUND

In 2011, Plaintiff sued Defendant because Plaintiff sustained a slip and fall injury while shopping in Defendant's retail establishment. (Dkt. No. 2.) Defendant denies liability. (Dkt. No. 5.) On August 30, 2013, Defendant served Plaintiff its initial expert disclosures. Defendant disclosed that Chris Nelson, a commercial safety expert, would serve as Defendant's expert witness regarding Defendant's liability. (Dkt. No. 46-1.) *See* Fed. R. Civ. P. 26(a)(2)(A) (requiring party to identify expert witness). For his part, Nelson provided Plaintiff a written report listing twenty-one previous cases in which he provided expert testimony. (Dkt. No. 46-2.)

*See* Fed. R. Civ. P. 26(a)(2)(B)(v) (requiring expert witness to list other cases he testified in as an expert). These cases spanned from 1993 to 2013. (Dkt. No. 46-2.)

Plaintiff felt unsatisfied with Nelson's written report. As such, on November 3, 2013, Plaintiff served a subpoena duces tecum on Nelson. (Dkt. No. 46-3.) The subpoena commands Nelson to provide Plaintiff with the actual "Rule 26 Reports" he prepared in other cases "dating from the years 1993 through 2013." (*Id.*) On November 4, 2013, Nelson and Defendant objected to the subpoena. (Dkt. No. 46-4.) As a result, Plaintiff filed the present motion to compel Defendant and Nelson to comply with the subpoena. (Dkt. No. 46.)

### III. ANALYSIS OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff laments the deficiencies in Nelson's Fed. R. Civ. P. 26(a)(2)(B) written report. (Dkt. No. 46 at 2-3.) For instance, Plaintiff claims that Nelson failed to provide case numbers and court information for the twenty-one cases he gave expert testimony in. (*Id.* at 3.) However, Plaintiff does not move to compel Nelson to supplement his written report.

Instead, Plaintiff moves to compel Defendant and Nelson to comply with the subpoena by "provid[ing] copies of all Rule 26 Reports listed in" Nelson's written report "and any other Rule 26 reports he prepared" from 1993 to 2013 but failed to "specifically list[]" in his written report. (*Id.* at 6.) Defendant opposes Plaintiff's motion for several procedural and substantive reasons. (Dkt. No. 48.) The Court considers some of these reasons below.

#### A. Plaintiff's Failure to Meet-and-Confer

Initially, Defendant opposes Plaintiff's motion because Plaintiff failed to include a meet-and-confer certification with his motion. (*Id.* at 3-4.) This failure alone warrants denying Plaintiff's motion because the Federal Rules of Civil Procedure and this Court's Local Rules of Practice mandate such a certification. Fed. R. Civ. P. 37(a)(1) (instructing that a motion to compel "must

include a certification that the movant has in good faith conferred or attempted to confer with the . . . party failing to make . . . discovery in an effort to obtain it without court action."); DUCivR 37-1(a) ("[T]he court will not entertain any discovery motion . . . unless counsel for the moving party files . . . a statement showing that the attorney . . . made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion.").

In addition to lacking a certification, Plaintiff offers no evidence that he reached out to Defendant to resolve the discovery dispute before filing the present motion. In fact, Plaintiff never replied to Defendant's opposition to address the meet-and-confer issue. In Plaintiff's favor, Defendant acknowledges that Plaintiff "contacted" Defendant on November 15, 2013 to "discuss" Defendant's subpoena objections and to announce that he would file a motion to compel. (Dkt. No. 48 at 2-3.)

However, this contact - briefly referenced in Defendant's opposition - fails to demonstrate that the parties substantively discussed the disputed issues. *See Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) ("When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. . . . They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention."). *See also CCPS Transp., LLC v. Sloan*, No. 12-2602-CM, 2013 WL 2405545, at *1(D. Kan. May 31, 2013) (unpublished) ("When determining whether the moving party has satisfied the duty to confer, the court examines the quality of the discussion(s) between the parties . . . .").

In fact, Defendant claims that Plaintiff never before "advised Defendant that he believes [] Nelson's testimonial history is deficient." (Dkt. No. 48 at 4.) Had Plaintiff so advised, "Nelson would have had an opportunity to supplement his testimonial history." (*Id.*)

The meet-and-confer process allows parties to meaningfully communicate to narrow and resolve discovery disputes. The present record suggests that Plaintiff short-circuited this resolution process. He failed to discuss his concerns about Nelson's testimonial history with Defendant, and he failed to file a certification. These failures especially trouble the Court because the trial in this matter commences in less than three months. (Dkt. No. 45.) For these reasons, the Court **DENIES** Plaintiff's motion for failure to comply with Fed. R. Civ. P. 37(a)(1) and DUCivR 37-1(a). Alternatively, the Court **DENIES** Plaintiff's motion for the substantive reasons discussed below.

### B. Plaintiff Seeks Discovery Beyond the Scope of Fed. R. Civ. P. 26

Plaintiff asserts that his "subpoena seeks to ameliorate the deficiencies in" Nelson's "Rule 26" expert report. (Dkt. No. 46 at 6.) However, the Court agrees with Defendant (Dkt. No. 48 at 5) that Fed. R. Civ. P. 26(a)(2)(B) "does not require an expert to produce any reports from unrelated litigation." *Trunk v. Midwest Rubber & Supply Co.*, 175 F.R.D. 664, 665 (D. Colo. 1997). Rather, Fed. R. Civ. P. 26(a)(2)(B)(v) only requires an expert witness to provide "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition . . . ." Accordingly, the Court **DENIES** Plaintiff's motion to the extent that Plaintiff relies on Fed. R. Civ. P. 26(a)(2)(B) to compel Nelson's subpoenaed expert reports.

To the extent Plaintiff relies on the broad discovery standard at Fed. R. Civ. P. 26(b)(1) to support his motion, Defendant argues that Plaintiff seeks irrelevant, overly broad, and unduly burdensome information. (Dkt. No. 48 at 7-8.) *See Hunsaker v. Proctor & Gamble Mfg. Co.*,

No. 09-2666-KHV, 2010 WL 5463244, at *4 (D. Kan. Dec. 29, 2010) (unpublished) (confirming that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) . . . .")

All discovery requests must relate to "nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Additionally, "the court must limit the frequency or extent of discovery" if "the discovery sought is unreasonably cumulative or . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Here, Defendant believes that Plaintiff requests irrelevant discovery because Nelson's expert reports in "unrelated cases" have "no bearing on the subject matter of the instant litigation." (Dkt. No. 48 at 7.) In contrast, Plaintiff opines that Nelson's expert reports may "lead to information that" Plaintiff could use to "impeach" Nelson "or to turn him into a [] friendly expert." (Dkt. No. 46 at 6.)

The Court questions the relevance of Nelson's unrelated expert reports. *See Trunk*, 175 F.R.D. at 665 (concluding that a party's subpoena of an expert's "conclusions and opinions [] in unrelated litigation" sought irrelevant and burdensome information even though the party wanted the information for impeachment purposes). Even assuming Plaintiff could show some relevance, the Court agrees with Defendant, in that Plaintiff still requests overly broad and burdensome discovery. (Dkt. No. 48 at 7-8.)

Plaintiff's motion casts an overly broad net because it seeks every expert report Nelson has prepared for the past twenty years. Plaintiff made no effort to narrow the time frame or subject matter covered by his motion. For example, Plaintiff neglected to restrict his subpoena to only those expert reports for cases that share similarities with Plaintiff's case.

Along the same lines, Plaintiff's motion places an undue burden on Nelson. Providing the expert reports from some of the cases "may very well be contrary to the terms of [Nelson's] retention in those matters." (Dkt. No. 48 at 7.) For instance, some of the reports "almost certainly contain private and confidential medical information of the parties in those cases." (*Id.*) Moreover, some of the expert reports relate to "ongoing" cases. (*Id.*) Therefore, disclosing these reports "may have ramifications" in those cases. (*Id.*)

In its present state, Plaintiff's motion seeks likely irrelevant and certainly overly broad discovery, and it places an undue burden on Nelson. These concerns outweigh the potential benefit Plaintiff will gain if Nelson provides the expert reports. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). As such, the Court alternatively **DENIES** Plaintiff's motion for these substantive reasons.

## IV. ORDERS

For the reasons stated above, the Court **DENIES** Plaintiff's motion to compel. (Dkt. No. 46.)

Dated this 10th day of February, 2014.   By the Court:

Dustin B. Pead
United States Magistrate Judge