IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEVIN JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOLLAR GENERAL STORE,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-00726-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

**I.　　INTRODUCTION**

This personal injury matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Docket Nos. 47; 67.) The Court now considers Defendant's motion to strike Plaintiff's untimely Fed. R. Civ. P. 26(a)(3) pretrial disclosures. (Dkt. No. 67.) For the reasons set forth below, the Court **DENIES** the motion.

**II.　　STATEMENT OF LAW ON PRETRIAL DISCLOSURES**

"[A] party must provide to the other parties" certain "information about the evidence that it may present at trial . . . ." Fed. R. Civ. P. 26(a)(3)(A). Such information includes "the name . . . of each witness . . . the party expects to present . . . ." *Id.* 26(a)(3)(A)(i). Such information also includes "the designation of those witnesses whose testimony the party expects to present by deposition . . . ." *Id.* 26(a)(3)(A)(ii). Such information further includes "an identification of each document or other exhibit . . . the party expects to offer . . . ." *Id.* 26(a)(3)(A)(iii).

## III. ANALYSIS OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRETRIAL DISCLOSURES

"Unless the court orders otherwise," a party "must" make its pretrial disclosures on all other parties "at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). Here, the District Court ordered Plaintiff to file its pretrial disclosures by February 28, 2014. (Dkt. No. 45 at 3) (consisting of parties' stipulated to scheduling order.)

However, Plaintiff failed to timely file its pretrial disclosures. Plaintiff emailed the disclosures to Defendant fifteen days late - on March 15, 2014. (Dkt. No. 67 at 2.) Similarly, Defendant only received the disclosures via regular mail on March 17, 2014. (*Id.*)

Plaintiff's counsel concedes he "mistakenly calendared the pretrial disclosures as being due 30 days prior to trial," which the Court "originally scheduled for" April 28, 2014. (Dkt. No. 75 at 1.) On April 1, 2014, the District Court rescheduled the trial to August 4, 2014. (Dkt. No. 58.)

Due to Plaintiff's untimely filing, Defendant moves to strike Plaintiff's pretrial disclosures about "medical records, bills, and experts or witnesses" from the trial. (Dkt. No. 67 at 5.) In other words, Defendant wants to preclude Plaintiff from using "any witnesses or evidence contained" in the pretrial disclosures. (*Id.* at 3.) *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").

The district court possesses "broad discretion" to determine "whether a Rule 26(a) violation is justified or harmless . . . ." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The following "factors should guide" a district court's "discretion" on the matter: "(1) the prejudice or surprise to the party against whom the testimony

is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

On balance, the Court concludes that Plaintiff committed a "harmless" Fed. R. Civ. P. 26(a)(3) violation. (Dkt. No. 75 at 2.) The Court does not condone Plaintiff's negligence in filing untimely pretrial disclosures. However, the Court believes Plaintiff's counsel committed "an honest mistake" rather than a "willful" mistake driven by bad faith. (*Id.* at 1.)

The Court recognizes that Defendant may have suffered some prejudice "in terms of its ability to prepare for trial . . . ." (Dkt. No. 78 at 3.) However, even Defendant concedes "such prejudice has been diminished by the subsequent continuance of the trial" to August 4, 2014. (*Id.*) Indeed, had Plaintiff timely filed its pretrial disclosures on February 28, 2014, Defendant would have only had fifty-nine days to review the disclosures before the original April 28, 2014 trial date. But because the District Court extended the trial date to August 4, 2014, Defendant now has 142 days to review the untimely disclosures Plaintiff filed on March 15, 2014. (Dkt. No. 75 at 2.)

Under these circumstances, the Court concludes that Defendant can cure any surprise or prejudice it suffered before the new trial date. *See Crawford v. Sandy City Corp.*, No. 2:11-CV-351 TS, 2012 WL 3964994, at *1 (D. Utah Sept. 11, 2012) (unpublished) (refusing to strike untimely pretrial disclosures, including disclosures about "potential witness[es]," because the plaintiff still filed the disclosures "more than 30 days prior to trial," and "any prejudice" the defendants "might [have] suffer[ed]" could "be cured at or before trial.").

Based on the analysis above, the Court **DENIES** Defendant's motion to strike Plaintiff's untimely pretrial disclosures. (Dkt. No. 67.) In so ruling, the Court emphasizes that it limited its decision to Defendant's untimeliness argument. Defendant never raised other arguments to

support striking Plaintiff's pretrial disclosures. For instance, Defendant never argued that the evidence identified in the pretrial disclosures constituted inadmissible hearsay. Defendant never argued that the witnesses identified in the disclosures would provide cumulative testimony. Therefore, the parties should construe this Court's ruling as one limited to untimeliness issues.

**IV.	ORDERS**

For the reasons set forth above, the Court **DENIES** Defendant's motion to strike Plaintiff's untimely pretrial disclosures. (Dkt. No. 67.)

Dated this 16th day of May, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge